STATE OF NEW JERSEY v. MONTCLAIR AND GREENWOOD
LAKE RAILROAD COMPANY.

1. The Montclair and Greenwood Lake Railroad Company in 1875 mort-
gaged its railroad and franchises.  On foreclosure of the mortgage its
property and franchises were sold in 1878; and the purchasers, in
November, 1878, organized themselves as a new corporation, under
the corporate name of The New York and Greenwood Lake Railroad
Company.  In 1879, a tax was laid upon the railroad, its equipment
and appendages, by the commissioner of railroad taxation, pursuant
to the act of April 12th, 1876.  *Rev., p.* 1168.  The tax was assessed
against and in the name of the Montclair and Greenwood Lake Rail-
road Company.  *Held*—
    1. That the tax should have been assessed against the new corporation
    in its corporate name.
    2. That the assessment might be amended under the act of March
    25th, 1881.  *Pamph. L., p.* 174.
2. The act of March 25th, 1881, which provides that no tax, assessment
or water rate shall be set aside for any irregularity or defect in form,
or illegality in assessing, laying or levying such tax, if the person
against whom or the property upon which such tax assessment or rate
is levied, assessed or laid, is in fact liable to taxation, and giving the
court power to amend and correct all irregularities and defects in the
form or manner of assessment, should be liberally construed, and its
provisions apply to taxes assessed before the act was passed.

On application for an execution.

Argued at June Term, 1881, before Justices DEPUE and
VAN SYCKEL.

For the plaintiff, *John P. Stockton, Attorney-General.*

For the defendant, *C. Parker.*

The opinion of the court was delivered by

DEPUE, J.   This matter is before the court on a statement
of facts agreed upon.  In form, it is an application by the
attorney-general for an execution on a judgment entered

against the defendant for state taxes due for the years 1878 and 1879. Substantially, it is a motion to open the judgment and review the assessment of the taxes for which the judgment is entered.

The Montclair Railway Company was incorporated by a special act of incorporation passed March, 1867. *Pamph. L., p.* 301.

On the 20th of September, 1875, its property and franchises were sold under proceedings for the foreclosure of a mortgage, and the purchasers at such sale, effected a new organization under the name of the Montclair and Greenwood Lake Railway Company.

The Montclair and Greenwood Lake Railway Company, on the 1st of December, 1875, mortgaged its railroad and franchises to trustees. On the 24th of September, 1877, the Montclair and Greenwood Lake Railway Company became insolvent, and a receiver was appointed by the Court of Chancery. Subsequently, the mortgage it had given was foreclosed, and a sale of the property and franchises mortgaged was made on the 5th of June, 1878. The purchasers at the sale organized themselves as a new corporation, under the corporate name of The New York and Greenwood Lake Railway Company, on the 13th of October, 1878. The certificate of organization was filed on the 1st of November, 1878.

Taxes for the years 1878 and 1879, respectively, were laid upon the railroad, its equipment and appendages, which were owned by the Montclair and Greenwood Lake Railway Company in 1878, and are now owned by the New York and Greenwood Lake Railway Company, pursuant to the act entitled " An act providing for state taxes on railroads, and the more efficient collection thereof," approved April 12th, 1876. *Rev., p.* 1168. These taxes being unpaid, judgment therefor was entered in this court on the 2d of December, 1880, in compliance with the fifth section of the last-mentioned act. This judgment was entered against the Montclair and Greenwood Lake Railway Company. Application is now made for execution to issue upon the said judgment.

The question discussed by counsel is, whether these taxes were legally assessed against the Montclair and Greenwood Lake Railway Company, and whether, upon the execution issued upon this judgment, the railroad property and franchises now owned by the New York and Greenwood Lake Railway Company can be sold.

Section 1 of the Railroad Taxation act provides that on or before the 1st day of February in each year, the president, secretary or treasurer of every railroad corporation or company shall make return to the comptroller of the true value of its railroad equipment and appendages used by or belonging to said corporation or company; and the comptroller shall forthwith file said return in his office, and thereupon the state tax to be paid by said railroad corporation or company under the act shall be immediately due and payable, with interest thereon from the 1st day of March. Section 3 provides that when any of the said corporations or companies shall fail to make such return, the commissioners of railroad taxation shall forthwith estimate the value of railroad equipment and appendages of such corporation or company, and state the amount of state tax thereon, and file a certificate thereof in the comptroller's office; and thereupon the state tax to be paid by such corporation or company shall immediately be due and payable, with interest thereon from the 1st day of February. The lien of the state for such taxes and interest is given priority over all other liens upon the franchises and property of such corporation. The proceedings for collection are a judgment, to be entered by order of a justice of the Supreme Court, and execution, under which the franchises and all the property, real, personal and mixed, of such corporation, is liable to be sold, and the sale thereof, under such execution, will carry an absolute title thereto, free and clear of all liens and encumbrances thereon.

The Montclair and Greenwood Lake Railway Company made no return in the year 1878 to the comptroller, of its property liable to taxation; nor did the New York and Greenwood Lake Railway Company for the year 1879. The

taxes for both years were laid from the valuation and estimation of the commissioners of railroad taxation.

The tax, however laid, has relation to the 1st day of February of the current year. On the 1st day of February, 1878, the Montclair and Greenwood Lake Railway Company was the owner of the railroad and its appendages and equipments. They were not sold until the 5th of June, 1878, and the new company was not organized until the 13th of October, 1878. The tax for 1878 was legally assessed in the name of that company.

The only ground upon which the taxation for the year 1878 is resisted is, that the railroad, its franchises, equipments and appendages, were then in the hands of a receiver appointed by the Court of Chancery, who was operating the road. But this court has held that a railroad corporation will not be relieved from taxation under the statute, by the fact that the corporation and its property are in the hands of a receiver under an appointment of the Court of Chancery, on proceedings against it as an insolvent corporation. *State, N. J. S. R. R. Co., pros.,* v. *Railroad Commissioners,* 12 *Vroom* 235.

The tax for the year 1879 stands in a different situation. At the time the tax for that year was assessed, and to which the assessment has relation by the statute, a corporation organized under a new name had succeeded the Montclair and Greenwood Lake Railway Company in the ownership, occupation and use of its railroad and franchises. The property and franchises with respect to which the tax was laid were the subjects of taxation under the act of 1876, but in form the tax should have been assessed in the name of the new company, and the judgment and execution should have been against it. The mistake in the form of the assessment arose from the failure of the new corporation to make return to the comptroller as required by the act.

For the correction of errors of this character ample provision is made by statute, especially by the act of March 25th, 1881. *Pamph. L., p.* 194. The act of 1881 provides that no tax, assessment or water rate imposed or levied in this state

Lehigh Valley R. R. Co. v. Dover and Rockaway R. R. Co.

shall be set aside or reversed  *  *  in any action, suit or proceeding, for any irregularity or defect in form or illegality in assessing, laying or levying such tax, assessment or rate, or in the proceedings for collecting the same, if the person against whom or the property upon which such tax assessment or rate is levied, assessed or laid, is in fact liable to taxation; and ample power is given to the court to amend and correct all irregularities and defects in the form or manner of the assessment. This act should be liberally construed. It was designed to correct the evils arising from the frequent evasions of taxation by means of errors and omissions in the form and manner of assessment. Its provisions apply to taxes assessed before the act was passed, for the powers conferred upon the court are to be exercised when the application is made to the court for relief against the tax which has been imposed.

The judgment for the tax of 1878 is regular. So far as concerns the tax for the year 1879, the judgment is opened, to the end that the attorney-general may have the certificate of taxation amended, so that the tax of that year may be laid pursuant to the act of 1876, and judgment be taken in compliance therewith.